UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRANDON D GREEN,<br><br>        Plaintiff,<br>vs.<br><br>LAWRENCE SAMPLES, et al.,<br><br>        Defendants. | Case No. 2:19-cv-02006-CDS-VCF<br><br>**ORDER**<br><br>MOTION FOR SANCTIONS (EFC NO. 70); MOTION TO STAY DISCOVERY (ECF NO. 72); MOTION FOR CONSIDERATION OF FACTS (ECF NO. 77) |

Defendants Lawrence Samples and Michael O'Halloran filed a motion for case-terminating sanctions against plaintiff Brandon Green and a motion to stay discovery. ECF Nos. 70 and 72. Plaintiff filed a motion for consideration of facts, which I liberally construe[1] as a motion for leave to file a sur-reply to the motion for sanctions. ECF No. 77. I deny the motion for sanctions in part and without prejudice. ECF No. 70. I grant plaintiff's motion for leave to file a sur-reply. ECF No. 77. I grant defendant's motion to stay in part: I grant defendants' request for an extension of time to take plaintiff's deposition and reset certain discovery deadlines. ECF No. 72.  Discovery will not be stayed. *Id.*

**I.   Background**

This is a prisoner civil rights case. See Judge Gordon's Screening Order at ECF No. 7. The

---

[1] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

defendants argue that plaintiff refused to attend his deposition and went to a class in the prison instead. ECF No. 70. Plaintiff, on the other hand, claims that he tried to attend the deposition, but that no one answered his call button in his cell. ECF No. 75 at 4. He claims that he did go to a class at the prison later that day, but it was after defendants' counsel "were gone." *Id*.  Defendants argue that plaintiff is not telling the truth about why he did not attend the deposition and that case terminating sanctions are appropriate here. ECF No. 76 at 2. Plaintiff argues in his motion for consideration of facts, which I construe to be a sur-reply to the motion for sanctions, that the deposition can be rescheduled. ECF No. 77. Plaintiff argues in his "reply," which I construe to be the proposed sur-reply to his motion for leave, that he, "had every intention of showing up to the deposition…[but] it was the transportation officers who refused to come back and get plaintiff." ECF No. 78 at 3. Plaintiff asks that the deposition, "take place at defense counsel's earliest convenience." *Id*. Defendants did not file an opposition to plaintiff's motion for consideration of facts.

Discovery in this case closed on April 4, 2022.  ECF No. 62. The dispositive motion deadline passed on May 4, 2022. *Id*. Defendants argue in their motion to stay that since its motion for terminating sanctions could resolve the case in full, that discovery should be stayed. ECF No. 72. Plaintiff did not file a response to the motion to stay.

**II.     Discussion**

There are, "five factors that a district court must consider before dismissing a case or declaring a default: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Dreith v. Nu Image, Inc*., 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery

2

when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citations omitted). Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

The first and second factors, regarding the public's interest in expeditious resolution of litigation and the court's need to manage it docket, both weighs in the defendants' favor. Case terminating sanctions would probably bring this case to a close earlier, which would benefit both the public and the court. The third and fourth factors, risk of prejudice and deciding cases on the merits, however, favors plaintiff. Plaintiff is a prisoner and has little control over his movement within the prison. While both parties present dueling narratives regarding what happened that day, there is no doubt that entering case terminating sanctions would cause greater prejudice to the plaintiff since that would extinguish his claims. Public policy favors deciding this case on the merits.

The last factor, the availability of less drastic sanctions, weighs in plaintiff's favor. The defendants can still take plaintiff's deposition. I admonish plaintiff, however, for not appearing at his court ordered deposition, regardless of the circumstances plaintiff alleges prevented him from appearing. I will give plaintiff one final opportunity to appear for his deposition. I deny defendants' motion in part, because I sanction plaintiff in the form of an admonishment here. I deny the rest of the defendants' request for sanctions without prejudice. If plaintiff does not appear for the rescheduled deposition or if he refuses to cooperate with the defendants regarding rescheduling the deposition, then the defendants may renew this motion. Since I read and considered the plaintiff's arguments in his motion for consideration of facts, and the defendants did not oppose it, I grant this motion as one to file a sur-reply.

There is no need for a discovery stay here, because allowing the defendants to take plaintiff's deposition prior to the new dispositive motion deadline will resolve the issues before me. Plaintiff does not oppose rescheduling the deposition. I also reset the dispositive motion and pretrial deadline.

ACCORDINGLY,

I ORDER that defendants' motion for sanctions (ECF No. 70) is DENIED IN PART, as specified in this order, and without prejudice to renew.

I GRANT defendant's motion to stay (ECF No. 72) IN PART: I GRANT defendants' request for an extension of time to take plaintiff's deposition and reset deadlines but DENY the request to stay discovery.

I ORDER that plaintiff's motion for consideration of facts (ECF No. 77) is GRANTED.

I ORDER that the defendants have until Tuesday, July 26, 2022 to reschedule and take plaintiff's deposition

I ORDER that the parties have until Thursday, August 25, 2022 to file dispositive motions.

I ORDER that the new pre-trial order deadline is Monday, September 26, 2022. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.

I ADMONISH plaintiff for not appearing for his deposition.

I CAUTION plaintiff that if he fails to appear for the rescheduled deposition, or to cooperate with the defendants regarding rescheduling the deposition, that I may impose sanctions, including but not limited to a recommendation that this case be dismissed.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 27th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE