1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5   BRANDON D. GREEN,

6                    Plaintiff,                    Case No. 2:19-cv-02006-CDS-VCF

7        v.                                        ORDER REGARDING PLAINTIFF'S
                                                   PENDING MOTIONS
8   LAWRENCE SAMPLES, *et al.*,
                                                   (ECF Nos. 58, 67, 81)
9                    Defendants.

10

11         This is a civil rights action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Brandon

12  Green. *See generally* ECF No. 8. In sum, the remaining allegations in the complaint are against two

13  defendants from the Las Vegas Metropolitan Police Department (LVMPD) who Plaintiff claims

14  used excessive force against him (Defendant O'Halloran) and another who sexually harassed

15  him during a post-arrest interview (Defendant Samples). *Id.*

16         Pending before the Court[1] are three motions: Plaintiff's Motion for Summary Judgment

17  (ECF No. 58), Plaintiff's Motion to Amend his prior Motion for Summary Judgment (ECF No.

18  81), and Plaintiff's objection/appeal (ECF No. 67) of District Court Judge Gordon's Order (ECF

19  No. 66) denying his request for injunctive relief (ECF No. 63). For the reasons set forth herein,

20  the Court grants Plaintiff's Motion to Amend and denies Plaintiff's Motion for Summary

21  Judgment and Plaintiff's Appeal.

22  . . .

23  . . .

24  _____

[1]       This case was administratively reassigned to me on April 14, 2022. ECF No. 74.

I.      Background Information

Two allegations remain from the complaint in this action.[2] *See* ECF No. 7. First, Plaintiff alleges that Detective Michael O'Halloran used excessive force when arresting him. ECF No. 8. Second, Plaintiff alleges that Detective Lawrence Samples sexually harassed him during an interview following his September 2019 arrest. *Id.*

A.   *Plaintiff's Motion for Summary Judgment* (ECF No. 58) *and Motion to Amend* (ECF No. 81)

On February 24, 2022, Plaintiff filed a motion for summary judgment. ECF No. 58. The brief motion alleges that video footage of his arrest at a Las Vegas area 7-11 store supports his allegations against Detective O'Halloran. ECF No. 58 at 1. The motion also alleges that a recording of his interview by Detective Samples supports his allegations against Detective Samples. *Id.* at 1-2. Neither of the recordings referenced in Plaintiff's motion for summary judgment were provided to the Court for consideration.[3]

Defendants O'Halloran and Samples filed an opposition to the motion for summary judgment on March 18, 2022. ECF No. 64. Defendants noted that they were also not provided a copy of the recordings referenced in Plaintiff's motion. *Id.* at 3. Defendants further noted that at the time the summary judgment motion was filed, there was a pending request for an extension of discovery pending before the Court. *Id.* That motion was ultimately granted and discovery cut-off was extended to April 4, 2022. *Id.; see also* Order, ECF No. 62.

---

[2]      The screening order allowed the Plaintiff to file an amended complaint for certain allegations on or before December 18, 2020. ECF No. 7. Plaintiff did not file an amended complaint.

[3]      In Plaintiff's Motion to Amend his motion for summary judgment, Plaintiff states that the 7-11 video is unavailable and that "counsel for the defendants have stated they were unable to obtain" the video. ECF No. 81 at 2, ¶8-9. Plaintiff seeks to amend his summary judgment motion and argue that he did not intend to make "misleading statements" by presuming the availability of a video that neither party has been able to produce. *Id.* at 2, ¶6-7. I withhold comment on the content of the video (to the extent that the video exists), but I do not hold Plaintiff's assertion that he thought the video could be produced against him. I thus grant Plaintiff's Motion to Amend.

1    Defendants argued that the motion for summary should be denied for several reasons.

2  First, Defendants argue that it should be denied because discovery is ongoing. Further,

3  Defendants raise serious concerns about representations about the existence of video recordings

4  from a 7-11 store relied upon by Plaintiff in the support of his motion. Last, Defendants argue

5  Plaintiff failed to meet his burden demonstrating that he is entitled to summary judgment. *See id.*

6  at 3-8.

7    Plaintiff did not file a reply to Defendant's opposition.

8    B.  *Plaintiff's Objection/Appeal to Magistrate Judge Order or Ruling Under LR IB 3-1 Regarding Judge*

9    *Gordon's Order Denying Plaintiff's Motion for Injunctive Relief* (ECF No. 67)

10    After Plaintiff filed the pending motion for summary judgment, he then moved for

11  injunctive relief requesting that the Court stay all discovery deadlines, including the upcoming

12  deposition of the Plaintiff because he had not yet reviewed video evidence provided by the

13  defendants. *See generally* ECF No. 63. On March 19, 2022. Judge Gordon denied[4] that motion

14  finding, as an initial matter, that Plaintiff's motion sought injunctive relief against High Desert

15  State Prison officials who are not parties to this action. ECF No. 66 at 2. Judge Gordon also

16  found that from the record before the Court, it appeared Plaintiff was able to view the videos at

17  issue but did not want to follow the prison procedures to do so. *Id.* (citing ECF No. 63 at 2

18  (stating that Green is "unsure why his confidential legal discovery materials have been taken to

19  the warden's office for his review instead of being delivered" to Green)). Plaintiff was again

20  directed to coordinate with his assigned case worker to view the video exhibits pursuant to

21  HDSP policies. *Id.*

22  _____

23  [4]    Judge Gordon had previously denied another motion for injunctive relief (ECF No. 51) as moot, finding Plaintiff's motion for summary judgment purported to describe what was in the videos, suggesting Green had viewed the videos. *See* ECF No. 60. Accordingly, Judge Gordon found that Plaintiff's motion for injunctive relief was moot. *Id.* That same order advised the Plaintiff that if he had not yet viewed the videos, Plaintiff should follow the prison's procedures before seeking relief from the court. *Id.*

24

1    The Court notes that Defendants did file an opposition to the motion, but it was

2 docketed after Judge Gordon's March 29, 2022, Order denying the motion. *See* ECF No. 65

3 (Defendant's Opposition).

4    **II.    Discussion**

5    *A.   Plaintiff's Motion for Summary Judgment* (ECF No. 58)

6    The legal standard governing summary judgment is well settled. A party is entitled to

7 summary judgment when "the movant shows that there is no genuine issue as to any material

8 fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

9 317, 330 (1986); *see also* Fed. R. Civ. P. 56.

10    An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict

11 for the nonmoving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "[T]he

12 substantive law will identify which facts are material. Only disputes over facts that might affect

13 the outcome of the suit under the governing law will properly preclude the entry of summary

14 judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v.*

15 *Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could

16 find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading

17 allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine

18 dispute. *Soremekun*, 509 F.3d at 984 (9th Cir. 2007). When considering a motion for summary

19 judgment, the Court views all facts and draws all inferences in the light most favorable to the

20 nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

21    Summary judgment proceeds with a burden-shifting analysis. The burden starts with the

22 moving party. A party seeking summary judgment bears the initial responsibility of informing

23 the Court of the basis of its motion, and identifying those portions of the pleadings, depositions,

24 answers to interrogatories, and admissions on file, together with affidavits, if any, and other

1  evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*

2  *Corp.*, 477 U.S. at 325 (1986). If the moving party meets its initial burden of showing the absence

3  of a material and triable issue of fact, the burden then moves to the opposing party, who must

4  present significant probative evidence tending to support its claim or defense. *Intel Corp. v.*

5  *Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

6          As the moving party, Plaintiff has failed to meet his initial burden. The moving party

7  must demonstrate, based on authenticated evidence, that the record forecloses the possibility of

8  a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*,

9  477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). There is no evidence

10 other than the statements in Plaintiff's moving papers to support his request for summary

11 judgment.

12          Further, although *pro se* pleadings are construed liberally, *pro se* litigants are nonetheless

13 bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Here, not only

14 does Plaintiff fail to meet his initial burden in demonstrating he is entitled to summary

15 judgment, he also failed to comply with the local rules regarding summary judgment motions.

16 Local Rule 56-1 sets forth the requirements for filing a motion for summary judgment. The rule

17 states that "Motions for summary judgment and responses thereto must include a concise

18 statement setting forth each fact material to the disposition of the motion that the party claims

19 is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition,

20 interrogatory, answer, admission, or other evidence on which the party relies." LR 56-1. Again,

21 the only information before the Court in support of Plaintiff's motion is his written pleadings;

22 his pleadings are not authenticated evidence. Accordingly, plaintiff have provided insufficient

23 evidence to grant the relief he is seeking.

24

1    Accordingly, plaintiff's motion for summary judgment is DENIED without prejudice.

2         B.   *Plaintiff's Objection/Appeal Magistrate Judge Order or Ruling Under LR IB 3-1 Regarding Judge*

3             *Gordon's Order Denying Plaintiff's Motion for Injunctive Relief* (ECF No. 67)

4         Plaintiff filed a document entitled "Objection/Appeal Magistrate Judge Order or Ruling

5    Under LR IB 3-1 re 66 Order on Motion for Injunctive Relief." ECF No. 67. Judge Gordon is a

6    United States District Court Judge and therefore Plaintiff is unable to object or appeal his order

7    pursuant to LR IB 3-1, as that is the mechanism for requesting review of a matter determined by

8    a United States Magistrate Judge. *See generally* LR IB 3-1. As noted above, pro se filings are

9    liberally construed. *Ghazali*, 46 F. 3d 54; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, I

10   liberally construe this document as a motion for reconsideration of Judge Gordon's decision.

11        "A motion for reconsideration should not be granted, absent highly unusual

12   circumstances, unless the district court is presented with newly discovered evidence, committed

13   clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v.*

14   *Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and

15   citations omitted). "[A] party seeking reconsideration must show more than a disagreement

16   with the Court's decision, and recapitulation...of that which was already considered by the

17   Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal.

18   2001). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce

19   the court to reverse its prior decision." *Id.* This standard presents a "high hurdle" for a litigant

20   seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

21        In seeking reconsideration of an order, LR 59-1 requires Plaintiff to state with

22   particularity the points of law or fact that the court has overlooked or misunderstood. LR 59-1.

23   The rule further provides that reconsideration also may be appropriate if (1) there is newly

24   discovered evidence that was not available when the original motion or response was filed, (2)

1 the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an

2 intervening change in controlling law. *Id.*

3       Plaintiff fails to meet the high standard warranting reconsideration of Judge Gordon's

4 Order. First, his filing fails to address the fact that High Desert State Prison (HDSP) is not a

5 party to this action. Second, his filing reiterates Plaintiff's request that the DVDs to be delivered

6 to him. *See* ECF No. 67 at 1. Plaintiff claims he has exhausted HDSP's procedures to view the

7 DVDs but does not provide information regarding what steps he took to follow those

8 procedures or any evidence in support of his claim that his requests have been denied. Instead,

9 Plaintiff continues to request that HDSP "provide him access to the discovery DVD for viewing

10 inspection and copying of all DVD and other discovery evidence." *Id.* at 2. I concur with Judge

11 Gordon's decision to not order a prison (who is not a party to this case) to provide an inmate

12 with DVDs absent a full consideration of potential security and safety issues that poses. ECF

13 No. 66 at 2.

14       Consequently, Plaintiff's objection/appeal, which I have construed as a motion for

15 reconsideration is denied. Plaintiff Green is hereby again directed to coordinate with his

16 assigned case worker to view the video exhibits pursuant to HDSP policies. If Plaintiff is still

17 unable to see the DVDs, he must file a motion for relief setting forth a basis for relief from this

18 Court.

19 . . .

20 . . .

21

22 . . .

23 . . .

24

III.     Conclusion

For the reasons set forth in this Order,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 58) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal Magistrate Judge Order or Ruling Under LR IB 3-1 re 66 Order on Motion for Injunctive Relief" (ECF No. 67) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (ECF No. 81) is GRANTED.

It is so ORDERED.

_____
U.S. District Judge Cristina D. Silva
Dated: July 6, 2022