UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brandon D. Green,

          Plaintiff

v.

Lawrence Samples, *et al.*,

          Defendants

Case No. 2:19-cv-02006-CDS-VCF

**Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motions for Summary Judgment and a Status Check, and Closing Case**

[ECF Nos. 85, 88, 90]

    Pro se plaintiff Brandon Green brings this civil-rights action under 42 U.S.C. § 1983 against defendant Las Vegas Metropolitan Police Department (LVMPD) detectives Lawrence Samples and Michael O'Halloran. On September 19, 2019, Green was arrested inside a Las Vegas 7-Eleven convenience store because of outstanding criminal charges relating to an incident of domestic violence. He alleges that O'Halloran used excessive force against him during the arrest and that Samples sexually harassed him during a post-arrest interview.[1]

    The parties have filed competing motions for summary judgment. ECF No. 85 (defendants' motion); ECF No. 88 (plaintiff's motion). Green also filed a motion for a status check. ECF No. 90. Having considered the moving papers, and for the reasons set forth herein, I grant the defendants' motion for summary judgment and deny Green's. Because granting the defendants' motion resolves this case, I also deny Green's motion for a status check (ECF No. 90) as moot. I further direct the Clerk of Court to enter judgment in favor of the defendants and to close this case.

---

[1] These are Green's only remaining claims. He brought other claims for relief, but those were dismissed on January 6, 2022, after the defendants were not timely identified or served. ECF No. 50.

I.  Background

    a. *Green's motion for summary judgment and defendants' opposition*

Green alleges that he visited a neighborhood 7-Eleven to retrieve a "cold beer," but when checking out at the cash register, he was "tackled from behind." ECF No. 88 at 2. Green asserts that he was "defenseless" during the arrest, which the officers effectuated without first announcing themselves. *Id.* He further alleges that a team of detectives[2] tackled him and applied "excessive force" to his back, neck, and shoulder, all of which resulted in lingering damage, injury, and pain. *Id.* Green alleges that his right to be free from excessive force was violated when the detectives did not announce themselves.

Green also alleges that Detective Samples sexually harassed him during an interview following his arrest. *See generally* ECF No. 88 at 4–5. Green claims that Samples was "overly physical" during the interview, and that Samples inappropriately touched his thigh/knee area without his consent. Green claims that his rights were violated by Samples's non-consensual touching, but also because the acts were abusive and coercive given the detective's position of power. *Id.* at 4.

In opposition, defendants argue that Green fails to submit any evidence supporting his claims, nor does he contest the evidence submitted by the defendants. *See generally* ECF No. 92. Defendants further argue that not only do Green's claims fail on the merits but also that the defendants are entitled to qualified immunity. *Id.* at 3–4, 8–9. As a result, defendants argue that Green's motion should be denied and that their competing motion for summary should be granted. *See generally* ECF No. 92.

    b. *Defendants' motion for summary judgment and Green's opposition*

Defendants move for summary judgment in favor of both O'Halloran and Samples, contending that Green's claims under the Fourteenth Amendment are not actionable. ECF No. 85. Specifically, defendants argue that O'Halloran is entitled to summary judgment because

---

[2] Green does not specifically name or identify Detective O'Halloran in his motion.

plaintiff fails to demonstrate that it was O'Halloran (rather than some other detective) who used force against Green during his arrest on September 19, 2019, or that O'Halloran's use of force was unreasonable. *Id.* at 4. Defendants further argue that any force used by O'Halloran during Green's arrest was "low-level" and objectively reasonable. *Id.* at 5. Defendants submitted body-camera footage of Green's arrest to support O'Halloran's arguments. ECF No. 86.

Defendants also argue that Samples is entitled to summary judgment because Green has provided no evidence of "objectively outrageous conduct involving sexually[] motivated comments" or physical touching that was sexual in nature. ECF No. 85 at 5. Defendants submit video footage of the interview between Green and Samples to show "de minimis" contact between Samples and Green and to show that no contact was sexual or sexualized. *Id.* Samples further argues that at no time during the interview did Samples ever make sexual or sexually motivated comments. *Id.* Finally, defendants argue that even if the claims against O'Halloran and Samples were viable, this action is otherwise barred by qualified immunity. *Id.*

Green opposes defendants' motion for summary judgment. ECF No. 91. He admits that he has a "spotted criminal history," but writes that he suffered physical abuse as a child and ran away from home as a result. *Id.* He further argues that defendants' discussion of his criminal history as a way to justify how he was arrested is misleading. *Id.* at 2. Green cites to LVMPD policy, stating that officers must "clearly and audibly identify themselves as peace officers before using force," which he claims did not happen. Plaintiff then realleges sexual misconduct during this post-arrest interview with Samples based on Samples's allegedly improper touching. *Id.* at 2–3.

## II. Legal standard

The legal standard governing summary judgment is well settled. A party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56. An issue is "genuine" if the evidence would permit a

reasonable jury to return a verdict for the nonmoving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun*, 509 F.3d at 984 (9th Cir. 2007). When considering a motion for summary judgment, the court views all facts and draw all inferences in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party. A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002). If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

### III. Analysis

I begin by addressing Green's motion for summary judgment. I then resolve defendants' motion. Finally, I briefly address Green's motion for a status check.

     *a. Plaintiff's motion is denied because he fails to demonstrate that he is entitled to summary judgment.*

On motions for which the moving party will bear the ultimate burden of proof at trial, such as with plaintiff's cross-motion for summary judgment here, the plaintiff bears the burden of proof on all essential elements of his claims. *Southern Cal. Gas Co. v. Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). He also has, as the moving party, the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson*, 477 U.S. at 256.

As the moving party, Green fails to meet this initial burden. The moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr*, 285 F.3d at 773. There is no evidence other than the statements in Green's moving papers to support his request for summary judgment.

Furthermore, although pro se pleadings must be construed liberally, pro se litigants are nonetheless bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Local Rule 56-1 sets forth the requirements for filing a motion for summary judgment. The rule states that "[m]otions for summary judgment and responses thereto must include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." LR 56-1.

Green's motion fails to cite to or submit any admissible evidence in support of his motion. Instead, his motion relies solely on his own summary of events and allegations in the complaint. Allegations alone are not sufficient to meet a plaintiff's burden at summary judgment; instead, a plaintiff must submit admissible evidence. *Morgan v. Peninsula Corridor Joint Powers Bd.*, 2014 WL 231136, at *2 (N.D. Cal. Jan. 21, 2014) (citing *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)). Not only has Green failed to provide the court with admissible evidence, but he has also failed to meet his burden of proof on each of the essential elements of his claims.

1  Consequently, Green has not demonstrated the absence of a genuine issue of material fact, so his
2  motion for summary judgment (ECF No. 88) is denied.

3        b. *Defendants demonstrate that they are entitled to qualified immunity and that Green's claims for relief*
4           *are meritless.*

5        42 U.S.C. § 1983 was enacted "to deter state actors from using the badge of their
6  authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d
7  1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The
8  statute "provides a federal cause of action against any person who, acting under color of state
9  law, deprives another of his federal rights[.]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Section
10 1983 requires a plaintiff to allege (1) the violation of a federally protected right by (2) a person or
11 official acting under the color of state law. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).
12 To prevail, the plaintiff must establish each of the § 1983 elements to prove an infringement of
13 the underlying constitutional or statutory right.
14       Green claims that excessive force was used against him during his arrest, which I
15 liberally construe as an alleged violation of his Fourth Amendment right to be free from unlawful
16 seizures. "Claims of excessive and deadly force are analyzed under the Fourth Amendment's
17 reasonableness standard." *Long v. City & County of Honolulu*, 511 F.3d 901, 906 (9th Cir. 2007)
18 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985)). The
19 court must determine whether the force used by each defendant-officer was "objectively
20 reasonable" as "judged from the perspective of a reasonable officer on the scene, rather than with
21 the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396–97 (citations omitted). To properly apply
22 the Fourth Amendment reasonableness test, the court must pay "careful attention to the facts
23 and circumstances of each particular case, including the severity of the crime at issue, whether
24 the suspect poses an immediate threat to the safety of the officers or others, and whether he is
25 actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The
26

most important factor is whether the suspect posed an immediate threat to the safety of the officers or others." *Thomas v. Dillard*, 818 F.3d 864, 889 (9th Cir. 2016).

Both defendants allege that they are entitled to qualified immunity. A court conducts a two-step inquiry to determine whether an officer is entitled to qualified immunity. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) (stating that the court may conduct the inquiry in any order it prefers). Under one prong, the court considers whether "taken in the light most favorable to the [plaintiff], the facts alleged show the officer's conduct violated a constitutional right." *Id.* (internal marks omitted). If the answer is "no," the inquiry ends, and judgment must be entered in favor of the defendant, as the plaintiff cannot prevail. *Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir. 2005), *rev'd on other grounds*, 687 F.3d 1189 (9th Cir. 2012).

Here, Green, who has a documented history of committing violent felonies, was arrested as part of an ongoing investigation of serious felony offenses, including battery by strangulation, kidnapping in the first degree, sexual assault, attempted murder, and possession of a firearm. *Id.* at ¶¶ 6–7. Defendants argue that they used force to arrest Green because of his history of violence, combined with their knowledge that Green may have been armed because the victim of Green's alleged sexual assault reported that he took her handgun days earlier. *Id.* at 19–20. They argue that the totality of the circumstances "presented officers with an unpredictable suspect who already showed signs of attempting to evade responsibility and [who] might continue to do so if confronted by law enforcement." *Id.* at 20.

As he was being arrested, Green was, indeed, taken down to the ground by undercover officers. He now claims injuries from the arrest. But the video of his post-arrest interview does not support this allegation. Throughout Green's interview, which lasts approximately three hours and 45 minutes, Green does not complain about any injuries from his arrest. Def. Ex. D; ECF No. 85-5 (transcript of interview). At one point, while discussing Green's backhanding of the victim of the underlying charges, Green comments that he has a scratch on his hand from the arrest (Def. Ex. D at 2:03:19–25; ECF No. 85-5 at 14), but he makes no complaints or other

statements regarding the use excessive force during his arrest. The video also shows him able to move without pain: he places his head on the table and sleeps with and without his head resting on his hands for part of the video (Def. Ex. D at 8:33–13:20; 20:31–35:00; 1:20:47–1:22:49; 1:37:00–1:37; 3:03:31–3:05:13); he is able to gesture and rest his elbows on the table and his head in his hands without issue; and at another point he gets up and moves his body to sit in order to be able to write easier, again seemingly without pain or any issues. *See generally* Def. Ex. D at 2:55:13-3:01.

Last, Green's medical records contradict his claim of excessive force. *See generally* ECF No. 85-9. The records reveal that when he was booked into the Clark County Detention Center, Green advised staff that he had an injury from a 2008 gunshot wound ("GSW") and that he was recently treated for CBP,[3] and the records indicate that he had sinus issues and an "unremarkable" appearance. *Id.* at 5. He also reported that he has been treated for some mental health issues. *Id.* at 13. When selecting whether Green needed a medical referral, the healthcare screener selected "Routine," as opposed to "Emergent" or "Urgent." *Id.* at 15.

Detective O'Halloran states that he was not one of the officers who initially arrested Green. O'Halloran Decl., ECF No. 85-11 at ¶ 9. Rather, he entered the 7-Eleven store where the arrest took place *after* Green was already on the ground and under arrest. O'Halloran then "placed [his] hands on Mr. Green's head and shoulders to restrain his movement while two other officers applied handcuffs to Mr. Green." *Id.* at ¶ 10. O'Halloran further states that his "actions consisted of a low-level force technique used to control Mr. Green's movements so that he could not break free from officers while being handcuffed or attempt to fight back against officers." *Id.* Last, O'Halloran states that he did not apply his knee to plaintiff's neck or back, nor did he ever point his gun or Taser at the plaintiff. *Id.* at ¶ 12.

---

[3] I do not speculate as to what CBP means but the records reveal Green was taking medication for the condition two weeks prior to his arrest. ECF No. 85-9 at 7. It therefore could not have been initially caused by the arrest.

Based on the evidence provided by O'Halloran, he merely assisted other officers in arresting Green and ensuring that he neither resisted nor escaped. These actions appear to be that of a reasonable officer. Stated otherwise, O'Halloran met his initial burden for purposes of summary judgment in demonstrating that no violation of Green's constitutional rights occurred. Thus, the burden shifted to Green "to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller*, 454 F.3d at 987. Green would need to establish that O'Halloran violated one of his federally protected rights—in this instance, his Fourth Amendment rights.[4] Plaintiff fails to do so. Green submits no evidence to support the allegations made in his complaint or the summary of his version of events in his opposition. *See generally* ECF No. 91. This is insufficient. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (stating that, when the moving party carries its initial burden on a motion for summary judgment, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."). Green fails to demonstrate that O'Halloran violated his Fourth Amendment rights. I therefore find that O'Halloran is entitled to qualified immunity for his actions relating to Green's arrest and grant summary judgment in his favor.

I likewise find that Samples is entitled to qualified immunity.[5] To succeed on this claim, Green would need to establish that Samples violated one of his federally protected rights. I liberally construe Green's complaint to allege a violation of his Fourteenth Amendment rights. But the video of Green's interview shows that Samples did not subject Green to any inappropriate verbal or physical actions, nor is there any evidence of sexual touching, misconduct, or harassment. *See generally* Def. Ex. D; *see also* ECF No. 85-8 (providing still photographs of each instance of Samples touching Green during the post-arrest interview). Rather, the video demonstrates a few instances in which Samples is attempting to be friendly or empathetic with Green by touching his shoulder. Def. Ex. D. There is also one instance of

---

[4] There is no dispute that O'Halloran, as an LVMPD officer, was acting under the color of state law.

[5] As with O'Halloran, there is no dispute that Samples was acting under the color of state law.

Samples's right pointer finger grazing—if it touches at all—Green's kneecap during conversation. *Id.* None of the touching was objectively unreasonable, nor was it sexual in nature. And during Green's deposition, he admitted that Samples never touched Green under his clothes. ECF No. 85-2 at 39:1–4. Based on the evidence before me, I find that Samples meets his initial burden for purposes of summary judgment. Thus, again, the burden shifts to Green "to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller*, 454 F.3d at 987. Again, Green fails to do so. In fact, Green has failed to provide any evidence whatsoever demonstrating that Samples violated one of his federally protected rights. As a result, I find that Samples is entitled to qualified immunity and grant summary judgment in his favor.

### IV.   Motion for status check

Because this order grants summary judgment in defendants' favor and I am directing the Clerk of Court to close this case, there is no reason to hold a status check. Thus, Green's motion for a status check is denied.

### V.   Conclusion

For the reasons set forth in this order,

IT IS THEREFORE ORDERED that defendants' Motion for Summary Judgment [ECF No. 85] is GRANTED.

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment [ECF No. 88] is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for a Status Check [ECF No. 90] is DENIED as moot.

I direct the Clerk of Court to enter judgment in favor of the defendants and to CLOSE THIS CASE.

_____
U.S. District Judge Cristina D. Silva
Dated: March 31, 2023